**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROSALIN DENISE MARSHALL AND TIJUANA RENE JOHNSON, <br><br> Plaintiffs, <br><br> v. <br><br> HOWARD L. KAPLUS, ESQ., <br><br> Defendant. | Civil Action No. 23-02499 (SDW) (JRA) <br><br> **WHEREAS OPINION** <br><br> May 10, 2023 |

**THIS MATTER** having come before this Court upon Plaintiffs Rosalin Denise Marshall and Tijuana Rene Johnson's (collectively "Plaintiffs") Complaint, (D.E. 1), filed on April 19, 2023, against Defendant Howard L. Kaplus, Esq. ("Defendant"); and

**WHEREAS** Plaintiffs claim financial injury related to a 1989 real estate transaction that her brother and Defendant Kaplus allegedly effectuated concerning property in Plaintiff Marshall's ("Marshall") mother's estate. (D.E. 1 at 6, 8–13.) This matter was previously adjudicated in Superior Court of New Jersey, Essex County, Law Division, and that court entered an order of dismissal with prejudice on January 31, 2023.[1] *See Marshall v. Kaplus, et al.*, No. 23-01022, 2023 WL 2214002, at *1 n.1 (D.N.J. Feb. 23, 2023). Marshall then sought to appeal the State court's dismissal of the matter by bringing the claim in this Court. *Id.* at *1. Marshall added Plaintiff Johnson to the matter and refiled the claim in the United States District Court for the Southern District of New York, which subsequently transferred the matter to this Court pursuant to 28 U.S.C. § 1406(a); and

---

[1] *Marshall v. Kaplus*, No. ESX-L-003424-22.

**WHEREAS** Plaintiffs' Complaint seeks to litigate claims that have already been dismissed with prejudice. *See Marshall v. Kaplus, et al.*, 2023 WL 2214002 at *1; *Vuyanich v. Smithton Borough*, F.4th 379, 384 (3d Cir. 2021) (providing that district courts do not have jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005))). The additions of a family member as Plaintiff and irrelevant factual material, (D.E. 1 at 6–13), do not alter this Court's previous analysis of these claims. Importantly, "[w]hen a litigant persists in the misbehavior of vexatious litigation activity, . . . a filing injunction may be the appropriate remedy." *Rumanek v. Fallon, et al.*, No. 21-1348, 2021 WL 5917097, at *1 (3d Cir. Dec. 15, 2021); *see also In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982) ("[A] continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court."). Plaintiffs are cautioned that this Court "will not tolerate frivolous litigation that wastes judicial resources" and, consequently, "any future abuse of legal process might trigger sanctions, including an imposition of limitations on Plaintiffs' ability to initiate such legal actions in the future." *Karupiayan v. Infosys, BPM*, No. 21-20796, 2023 WL 1452340, at *3 (D.N.J. Jan. 27, 2023); therefore

Plaintiffs' Complaint is *sua sponte* **DISMISSED WITH PREJUDICE** and this matter shall be closed. An appropriate order follows.

                                                          /s/ Susan D. Wigenton
                                                     **United States District Judge**

Orig:   Clerk
cc:     Jose R. Almonte, U.S.M.J.
         Parties